## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JULIAN BETANCOURT individually and on behalf of all others similarly situated; | § § § | CASE NO. 10cv04763 |
| Plaintiffs, | § § | JUDGE RONALD GUZMAN |
| vs. | § § | JURY TRIAL DEMANDED |
| MAXIM HEALTHCARE SERVICES, INC., | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendant. | § | |

## PLAINTIFF'S MOTION FOR NOTICE TO POTENTIAL CLASS MEMBERS

Michael A. Josephson
State Bar No. 24014780
Hartley Hampton
State Bar No. 08874400
**FIBICH, HAMPTON & LEEBRON, L.L.P**
1401 McKinney, Suite 1800
Houston, Texas 77010
713-751-0025 (Telephone)
713-751-0030 (Facsimile)
mjosephson@fhl-law.com
(Admitted *Pro Hac Vice)*

Douglas M. Werman (ARDC #6204740)
Maureen A. Bantz  (ARDC #6289000)
David E. Stevens (ARDC #6297705)
**WERMAN LAW OFFICE, P.C.**
77 West Washington Street, Suite 1402
Chicago, IL 60602
312-419-1008 (Telephone)

ATTORNEYS IN CHARGE FOR PLAINTIFFS

i

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................iii-vi

I.      INTRODUCTION AND SUMMARY OF THE ARGUMENT ................................... 1-2

II.     FACTS ..................................................................................................................... 2-4

        A.      REPRESENTATIVE PLAINTIFF AND THE PUTATIVE CLASS MEMBERS ARE
                SIMILARLY SITUATED WITH RESPECT TO JOB DUTIES, COMPENSATION
                AND HOURS WORKED ........................................................................................ 3-4

III.    ISSUE PRESENTED................................................................................................. 4

IV.     ARGUMENT - REQUEST FOR 216(b) NOTICE TO POTENTIAL PLAINTIFFS ... 4-13

        A.      LEGAL STANDARDS: THE DISTRICT COURT IS AUTHORIZED TO ISSUE NOTICE
                TO THE POTENTIAL OPT-IN PLAINTIFFS AND SHOULD DO SO IMMEDIATELY ..... 4-11

                1.      THE COURT SHOULD USE THE TWO-STAGE APPROACH IN ISSUING
                        NOTICE TO POTENTIAL PLAINTIFFS…  …………………………...………..6-8

                2.      NOTICE TO POTENTIAL PLAINTIFFS IS APPROPRIATE ON THE FACTS
                        PRESENTED BECAUSE THE PUTATIVE CLASS MEMBERS ARE
                        SIMILARLY SITUATED …………………………………………...………..8-10

                3.      MISCLASSIFICATION CASES ARE APPROPRIATE FOR CONDITIONAL
                        CERTIFICATION ……...…………………………………….…...………..10-11

                4.      THE STATUTE OF LIMITATIONS IS RUNNING ON PUTATIVE CLASS
                        MEMBERS' CLAIMS …..…………………………………………...………..11

        B.      RELIEF SOUGHT: ISSUANCE OF NOTICE TO POTENTIAL PLAINTIFFS AND
                DISCLOSURE OF NAMES AND ADDRESSES OF CURRENT AND FORMER
                STAFFING RECRUITERS EMPLOYED BY MAXIM HEALTHCARE SERVICES
                DURING THE RELEVANT TIME PERIOD ........................................................... 12-13

V.      CONCLUSION..................................................................................................... 13

## TABLE OF AUTHORITIES

### CASES

*Aguilar, et al. v. Pilgrim's Pride Corporation,*
Case No. CV-060J-1673-NE (N.D. Ala. January 31, 2007)............................................................ 6

*Allen, et al. v. McWane, Inc.,*
2006 WL 3246531 (E.D.Tex.)(J. Ward) ...................................................................................... 5

*Belcher v. Shoney's, Inc.,*
927 F. Supp. 249, 251 (M.D. Tenn. 1996).................................................................................. 6

*Bell, et al. v. Citizen Financial Group, Inc., et al.,*
C.A. No. 10-320, (W.D.Pa. September 2, 2010) ........................................................................ 10

*Bontempo v. Metro Networks,*
2002 WL 1925911, at *1 (N.D. Ill. May 3, 2002) ...................................................................... 7

*Brickel v. Bradford-Scott Data Corp.,*
2010 WL 145348, at *1 (N.D. Ind. Jan. 11, 2010) ..................................................................... 7

*Camp v. The Progressive Corporation, et al.,*
8 Wage & Hour Cas. 2d 477 *11 (E.D. La. 2002)...................................................................... 5

*Collazo v. Forefront Educ.*, Inc.,
2010 WL 335327, at *2 (N.D. Ill. Jan. 28, 2010) ...................................................................6-8

*Craft v. Ray's, LLC,*
2008 WL 4810546, at *1 (S.D. Ind. Oct. 29, 2008) ................................................................... 7

*Craig v. Rite Aid Corporation, et al.,*
2009 WL 4723286 (M.D.Pa. December 9, 2009)................................................................... 5, 11

*D'Anna v. M/A-Com, Inc.,*
903 F.Supp 889, 893 (D.Md.1995).........................................................................................5-6

*DeKeyser v. Thyssenkrupp Waupaca, Inc.,*
2008 WL 5263750, at *2 (E.D. Wis. Dec. 18, 2008) ................................................................. 7

*Dybach v. State of Fla. Dept. of Corrections.,*
942 F.2d 1562, 1567-68 (11th Cir. 1991) ............................................................................... 5, 9

*Ene v. Maxim,*
C.A. 09-cv-02453(S.D. Tex. March 2, 2010) .......................................................................... 10

*Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation*,
2010 WL 3447783 (W.D. Pa.  August 13, 2010)  ........................................................ 10

*Ervin v. OS Rest. Serv., Inc.*,
2009 WL 1904544, at *3 (N.D. Ill. July 1, 2009) ........................................................ 7

*Fisher v. Michigan Bell Telephone Co.*,
No. 09-10802, 2009 WL 3427048, at *8 (E.D. Mich. Oct. 22, 2009) ........................................ 11

*Flores v. Lifeway Foods, Inc.*,
289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003)  ................................................................ 7

*Gambo v. Lucent Tech., Inc.*,
2005 WL 3542485, at *3 (N.D. Ill. Dec. 22, 2005)  ........................................................ 6

*Garner v. G.D. Searle Pharm.*,
802 F. Supp. 418, 419 (M.D. Ala. 1991) ...................................................................... 6

*Grayson v. K-Mart Corp.*,
79 F.3d 1086, 1096 (11th Cir. 1996), *cert. denied*, 117 S. Ct. 435 (1996) .............................5-6, 8

*H&R Block, LTD. v. Housden & Beard*,
186 F.R.D.399, 400 (E.D. Tex. 1999).......................................................................... 8

*Hanks, et al v. Big Lots Stores, Inc.*,
C.A. 5:04-cv-00238-DF(E.D. Tex. August 8, 2005) ........................................................ 5

*Heckler v. DK Funding, LLC,*
502 F. Supp. 2d 777, 779 (N.D. Ill. 2007)  ................................................................. 8

*Hipp v. Liberty Nat'l Life Ins. Co.*,
164 F.R.D. 574, 575, 576 (M.D. Fla. 1996)................................................................... 6

*Hoffman-La Roche, Inc. v. Sperling*,
493 U.S. 165, 169 (1989)............................................................................... 4, 6, 11

*Jackson v. New York Telephone Co.*,
163 F.R.D. 429, 431 (S.D.N.Y. 1995) ........................................................................ 5

*Jackson v. Papa John's USA, Inc.*,
2009 WL 385580 (N.D. Ohio February 13, 2009)  .......................................................... 11

*Jirak v. Abbott Labs., Inc.*,
566 F. Supp. 2d 845, 847 (N.D. Ill. 2008) ................................................................... 8

*Johnson, et al. v. TGF Precision Haircutters, Inc.*,
319 F.Supp.2d 753, 754 (S.D.Tex. Jun 01, 2004) ...................................................................... 6

*Mielke v. Laidlaw Transit, Inc.*,
313 F. Supp. 2d 759, 762 (N.D. Ill. 2004) ................................................................................ 7

*Mooney v. Aramco Servs. Co.*,
54 F.3d 1207, 1213-16 (5th Cir. 1995) ..............................................................................5-6, 8

*North v. Board of Trustees of Illinois State Univ.*,
2009 WL 3769907, at * 2 (C.D. Ill. Nov. 2, 2009) ................................................................ 6-7

*Perez v. Mountaire Farms, Inc.*,
Civ. No. AMD 06-121 (M.D. Baltimore, February 7, 2007)...................................................... 6

*Persin v. Careerbuilder, LLC*,
2005 WL 3159684, at *4 (N.D. Ill. Nov. 23, 2005) .................................................................. 6

*Riojas v. Seal Produce, Inc.*,
82. F.R.D. 613, 616 (S.D. Tex. 1979)........................................................................................ 8

*Russell v. Illinois Bell Tel. Co.*,
575 F. Supp. 2d 930, 933 (N.D. Ill. 2008) ............................................................................ 6-8

*Sharpe v. APAC Customer Serv., Inc.*,
2010 WL 135168, at *4 (W.D. Wis. Jan. 11, 2010) .................................................................. 7

*Shiner v. Select Comfort Corp.*,
2009 WL 4884166, at *2 (N.D. Ill. Dec. 9, 2009) .................................................................... 6

*Smallwood, et al. v. Illinois Bell Telephone Co.*,
C.A. No. 09 C 4072; (N.D. Ill. May 6, 2010) ........................................................................ 10

*Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*,
312 U.S. 590, 597 (1944) .......................................................................................................... 2

*Tucker v. Labor Leasing, Inc.*,
872 F. Supp. 941, 947 (M.D. Fla. 1994)................................................................................... 5

*Wittemann v. Wisconsin Bell, Inc.*,
2010 WL 446033, at *1 (W.D. Wis. Feb. 2, 2010) ................................................................ 7-8

*Wlotkowski, et al. v. Michigan Bell Telephone Co.*,
C. A. No. 09-11898; (E.D. Mich. April 16, 2010) ................................................................... 10

v

## STATUTES

29 C.F.R. §778.101 ................................................................................................. 2

29 U.S.C. §207(a) ................................................................................................. 2

29 U.S.C. §216(b) .................................................................................. 1, 4-5, 8, 11

Fed. R. Civ. P. 20(a) ............................................................................................... 6

Fed. R. Civ. P. 23................................................................................................ 6-7, 11

Plaintiff Julian Betancourt, individually and on behalf of other similarly situated employees (hereinafter collectively referred to as ("Plaintiff" or "Representative Plaintiff"), files this Motion for Notice to Potential Class Members and in support would show as follows:

## I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT

Plaintiff filed this lawsuit on July 29, 2010 to recover unpaid overtime wages owed to current and former Staffing Recruiters who were employed by Defendant Maxim Healthcare Services, Inc. ("Defendant" or "Maxim") during the relevant statutory time period.

The named Plaintiff is now joined by ten opt-in Plaintiffs who together represent 10 different states, countless branch offices, regions and districts. All of these individuals have joined this case by filing their written consent to join with the Court as required by statute. All allege that Defendant misclassified them as exempt employees even though they did not perform exempt functions.

Pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA"), Plaintiff has filed this motion seeking conditional certification of his misclassification claims against Defendant. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as:

> **"ALL CURRENT AND FORMER SALARIED STAFFING RECRUITERS WHO HAVE BEEN EMPLOYED AT ANY TIME BY DEFENDANT MAXIM HEALTHCARE SERVICES, INC. (EXCLUDING CALIFORNIA) DURING THE TIME PERIOD JULY 29, 2007 TO PRESENT."** (hereinafter, "Putative Class Members").

Conditional certification is appropriate because Plaintiff can demonstrate that a similarly situated group of misclassified individuals exist in terms of their job title, duties, and compensation. These current and former employees were uniformly denied overtime pay as a

1

result of a single corporate policy to classify them all as exempt employees, regardless of their geographic location, region, district or any other factors.

Plaintiff has more than met the lenient standard for conditional certification and notice should be issued to the Putative Class Members immediately in order to promote the broad remedial purposes of the FLSA and to prevent the wasting of viable claims for unpaid wages. *See Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 312 U.S. 590, 597 (1944)(noting that the FLSA is "remedial and humanitarian in purpose. We are not here dealing with mere chattels or articles of trade but with the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others. Those are the rights that Congress has specially legislated to protect. Such a statute must not be interpreted or applied in a narrow, grudging manner.").

Accordingly, Plaintiff respectfully requests that the Court grant this motion and: (1) conditionally certify this action for purposes of notice and discovery; (2) order that judicial notice be sent to all putative collective class members; (3) approve the form and content of Plaintiff's proposed judicial notice and reminder notice; (4) order Defendant to produce to Plaintiff's Counsel the contact information for each putative collective class member; and (5) authorize a ninety day notice period for putative plaintiffs to join the case.

## II.    FACTS

The FLSA requires payment of overtime compensation to all non-exempt employees who work in excess of 40 hours per week. 29 U.S.C. §207(a); 29 C.F.R. §778.101. Defendant required and/or permitted the Putative Class Members to regularly work in excess of 40 hours per week at its facilities, but refused to compensate them for such hours. Therefore, Defendant's conduct violated the FLSA, which requires that all non-exempt employees be compensated for

their overtime work.  As described below, at all times relevant to this lawsuit the Putative Class Members were non-exempt employees who were improperly classified as exempt to subvert the purpose and intent of the FLSA.[1]

**A.     REPRESENTATIVE PLAINTIFF AND THE PUTATIVE CLASS MEMBERS ARE SIMILARLY SITUATED WITH RESPECT TO JOB DUTIES, COMPENSATION AND HOURS WORKED**

The Representative Plaintiff and all of the Opt-In Plaintiffs worked as Staffing Recruiters for Maxim during the past three-years in eleven different states.  During the relevant statutory time period, Staffing Recruiters received a salary and regularly worked more than forty hours a week without overtime compensation. Betancourt Dec. at ¶¶5-7 attached as Exhibit 1; Garner Dec. at ¶¶5-7 attached as Exhibit 2;  Modde Dec. at ¶¶5-7 attached as Exhibit 3; Spott Dec. at ¶¶5-7 attached as Exhibit 4; Sutliff Dec. at ¶¶5-7 attached as Exhibit 5. To the best of their knowledge, all Staffing Recruiters throughout the company were paid the same way and were made to work more than 40 hours a week without receiving any additional compensation. *Id.*

At all times relevant to this lawsuit, Representative Plaintiff, all of the Opt-In Plaintiffs and the proposed Putative Class Members were regularly required to perform the following non-managerial and non-exempt duties: (1) assist in the placement process for nurses by screening potential nursing candidates regarding their minimum qualifications and fitness for employment in accordance with the standards set forth by Maxim and my superiors; (2) recruit potential candidates from various internet sites and cold calls; (3) answer the phone; (4) input payroll hours for billing purposes; and (5) assist in scheduling the nurses.  Exhibits 1-5 at ¶3.  Even though Maxim considered these duties to be exempt under the FLSA, Staffing Recruiters followed well-established practices, procedures and guidelines  and had little to no discretion, judgment or ability to make decisions concerning hiring, firing, rates of pay, placement fees, job

---

[1]     The facts in this Motion are based on Exhibits 1-14.

performance, disciplinary matters, or specific job duties. Exhibits 1-5 at ¶¶4 and 7. Instead, these functions were regularly handled and decided by upper management such as the Account Manager, Clinical Supervisor, or Regional Manager. *Id.*

Based on their experience and familiarity with the job duties of other Staffing Recruiters, the Representative Plaintiff and the Opt-In Plaintiffs believe that all Staffing Recruiters performed the same or similar activities on a regular basis and were subjected to the same practices, procedures and well-established guidelines. Exhibits 1-5 at ¶7. As such, Representative Plaintiff has demonstrated that the proposed Putative Class Members are similar in terms of job duties, titles and compensation and that notice is appropriate under the circumstances. Exhibits 1-5 at ¶7 (noting that other Staffing Recruiters would join this lawsuit if given the opportunity to do so).

### III. ISSUE PRESENTED

Should potential plaintiffs be notified about the existence of this action so that they can make an informed decision about whether to join this suit and stop the statute of limitations from running on their claims for unpaid wages and overtime compensation?

### IV. ARGUMENT—REQUEST FOR §216(B) NOTICE TO POTENTIAL PLAINTIFFS

### A. LEGAL STANDARDS: THE DISTRICT COURT IS AUTHORIZED TO ISSUE NOTICE TO THE PROPOSED PUTATIVE CLASS MEMBERS AND SHOULD DO SO IMMEDIATELY

The FLSA's "collective action" provision allows one or more employees to bring an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b). District courts have broad discretion to allow a party asserting FLSA claims on behalf of others to notify potential plaintiffs that they may choose to "opt-in" to the suit. *See Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989). Court-authorized notice protects against "misleading communications" by the parties, resolves the

4

parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, assures joinder of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute. *Id*. at 170-172.

Under Section 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." *Mooney,* 54 F.3d at 1213-16; *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996), *cert. denied*, 117 S. Ct. 435 (1996); *D'Anna v. M/A-Com, Inc.*, 903 F.Supp. 889, 893 (D.Md.1995). Plaintiff's claims and positions need not be identical to the potential opt-ins, they need only be similar. *Grayson* at 1096; *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla. 1994); *Camp v. The Progressive Corporation, et al.*, 8 Wage & Hour Cas. 2d 477 *11 (E.D. La. 2002)(permitting nationwide notice to various categories of misclassified insurance adjusters); *Craig v. Rite Aid Corporation, et al.*, 2009 WL 4723286 (M.D.Pa. December 9, 2009)(permitting nationwide notice to current and former ASMs); *Allen, et al. v. McWane, Inc.*, 2006 WL 3246531 (E.D.Tex.)(J. Ward)(permitting notice to hourly employees at thirteen different pipe and foundry plants across the country); *Hanks, et al v. Big Lots Stores*, *Inc.,* C.A. 5:04-cv-00238-DF(E.D. Tex. August 8, 2005)(J.Folsom)(permitting nationwide notice to furniture department managers); Plaintiffs need only demonstrate "a reasonable basis" for the allegation that a class of similarly situated persons may exist. *Grayson*, 79 F.3d at 1097; *see Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995)(Plaintiffs are similarly situated when they together were alleged victims of a "common policy or scheme or plan that violated the law).

Court facilitated notice to the "class" regarding the FLSA collective action is warranted when a plaintiff demonstrates that there are others who may wish to opt in and who are "similarly situated" with respect to the job requirements and pay provisions. *Dybach v. State of*

5

*Fla. Dept. of Corrections.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991); *Garner v. G.D. Searle Pharm.*, 802 F. Supp. 418, 419 (M.D. Ala. 1991); *Hipp v. Liberty Nat'l Life Ins. Co.*, 164 F.R.D. 574, 575, 576 (M.D. Fla. 1996); *Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996); *Aguilar, et al. v. Pilgrim's Pride Corporation*, Case No. CV-060J-1673-NE (N.D. Ala. January 31, 2007)(J. Johnson). The standard for collective action notice is a "lenient" standard. *Mooney,* 54 F.3d at 1213; *D'Anna*, 903 F.Supp. at 889, 894. *See also Johnson, et al. v. TGF Precision Haircutters, Inc.*, 319 F.Supp.2d 753, 754 (S.D.Tex. Jun 01, 2004)(J. Werlein)(commenting that the standard applied is a lenient one, usually resulting in "conditional certification" of a representative class, to whom notice is sent and who receive an opportunity to "opt-in."); *Perez v. Mountaire Farms, Inc.*, Civ. No. AMD 06-121 (M.D. Baltimore, February 7, 2007)(J. Davis).[2] "It is considerably 'less stringent' than the proof required pursuant to Fed. R. Civ. P. 20(a) for joinder or Fed. R. Civ. P. 23 for class certification." *Grayson*, 79 F.3d 1086, 1096.

    1.    **THE COURT SHOULD USE THE TWO-STAGE APPROACH IN ISSUING NOTICE TO POTENTIAL PLAINTIFFS.**

Courts in this and other districts apply a two-step approach to determine whether the plaintiffs are "similarly situated" to the potential plaintiffs. *Collazo v. Forefront Educ.*, Inc., 2010 WL 335327, at *2 (N.D. Ill. Jan. 28, 2010); *Shiner v. Select Comfort Corp.*, 2009 WL 4884166, at *2 (N.D. Ill. Dec. 9, 2009); *Russell v. Illinois Bell Tel. Co.*, 575 F. Supp. 2d 930, 933 (N.D. Ill. 2008); *Gambo v. Lucent Tech., Inc.*, 2005 WL 3542485, at *3 (N.D. Ill. Dec. 22, 2005); *Persin v. Careerbuilder, LLC*, 2005 WL 3159684, at *4 (N.D. Ill. Nov. 23, 2005); *North*

---

[2]     *See, generally Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. at 170 (in commenting favorably upon collective actions, the Supreme Court noted that collective actions allow a pooling of resources promote judicial efficiency through, "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged….activity.

*v. Board of Trustees of Illinois State Univ*., 2009 WL 3769907, at * 2 (C.D. Ill. Nov. 2, 2009); *Sharpe v. APAC Customer Serv., Inc*., 2010 WL 135168, at *4 (W.D. Wis. Jan. 11, 2010); *DeKeyser v. Thyssenkrupp Waupaca, Inc.,* 2008 WL 5263750, at *2 (E.D. Wis. Dec. 18, 2008); *Brickel v. Bradford-Scott Data Corp.,* 2010 WL 145348, at *1 (N.D. Ind. Jan. 11, 2010); *Craft v. Ray's, LLC,* 2008 WL 4810546, at *1 (S.D. Ind. Oct. 29, 2008).

The first step requires Plaintiff to "show there are similarly situated employees who are potential claimants." *Collazo*, 2010 WL 335327, at *2 (citing *Mielke v. Laidlaw Transit, Inc., 313* F. Supp. 2d 759, 762 (N.D. Ill. 2004)). Plaintiff meets this burden by making "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id*. (citing *Flores v. Lifeway Foods, Inc*., 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003)); *Wittemann v. Wisconsin Bell, Inc*., 2010 WL 446033, at *1 (W.D. Wis. Feb. 2, 2010). Put differently, "a plaintiff need only demonstrate a factual nexus that binds potential members of a collective action together." *Ervin v. OS Rest. Serv., Inc*., 2009 WL 1904544, at *3 (N.D. Ill. July 1, 2009). Importantly, the similarly situated standard, particularly at the first step, is "less stringent than Federal Rule 23's standard." *Collazo*, 2010 WL 335327, at *3 (citing *Bontempo v. Metro Networks*, 2002 WL 1925911, at *1 (N.D. Ill. May 3, 2002)).

The term "similarly situated" is interpreted leniently. *Collazo*, 2010 WL 335327, at *2 (citing *Russell*, 575 F. Supp. 2d at 933); *Wittemann*, 2010 WL 446033, at *1 ("The requirements of conditional certification are lenient because approval simply allows plaintiffs to provide notice to other potential class members so that they may make an informed decision whether to join the case."). If the Court determines Plaintiff has met the burden, it may grant conditional certification and authorize Plaintiff to send notice to potential class members, allowing them an

7

opportunity to opt in. *Collazo*, 2010 WL 335327, at \*2 (citing *Heckler v. DK Funding, LLC,* 502 F. Supp. 2d 777, 779 (N.D. Ill. 2007)).

At the second step, "following the completion of the opt-in process and further discovery, the defendant may ask the Court to reevaluate the conditional certification to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Russell*, 575 F. Supp. 2d at 933 (quoting *Jirak v. Abbott Labs., Inc.,* 566 F. Supp. 2d 845, 847 (N.D. Ill. 2008)); *Wittemann*, 2010 WL 446033, at \*3 ("If, after discovery, defendant shows that any differences among the class members make it too difficult to decide their claims together, defendant may ask to decertify the class or divide the class into subclasses.").

        **2.**    **NOTICE TO POTENTIAL PLAINTIFFS IS APPROPRIATE ON THE FACTS PRESENTED BECAUSE THE PUTATIVE CLASS MEMBERS ARE SIMILARLY SITUATED**

At the notice stage, courts determine whether plaintiff and potential opt ins are "similarly situated" based upon allegations in a complaint supported by affidavits. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-16 (5th Cir. 1995); *Grayson*, 79 F.3d at 1096. To be similarly situated, each class member's situation need not be identical, but merely similar. *Riojas v. Seal Produce, Inc.*, 82. F.R.D. 613, 616 (S.D. Tex. 1979); *see* Exhibits 1-5. Moreover, Defendant's anticipated rebuttal evidence does not bar section 216(b) notice, plaintiff's substantial allegations need only successfully engage the employer's affidavits to the contrary. *Grayson*, 79 F.3d at 1099 n.17.

In order for Notice to be issued, some evidence of "a single decision, policy, or plan" should be presented. *Collazo*, 2010 WL 335327, at \*2; *See generally H&R Block, LTD. v. Housden & Beard,* 186 F.R.D.399, 400 (E.D. Tex. 1999). Proof of such a single practice can be

8

provided through affidavits of potential plaintiffs, identification of potential plaintiffs, and/or evidence of a widespread plan. *Id.* (citations omitted). In addition to these factors, other courts making the notice inquiry have sought to determine if there are other individuals <u>who desire to opt in</u> and who are similarly situated to those bringing the suit. *Dybach v. State of Fla. Dept. of Corrections.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).[3] Thus, if other parties join the suit by filing their consents, this is evidence of a desire on the part of others to join the suit that should be considered by the Court.

In this lawsuit, the Representative Plaintiff and Opt-In Plaintiffs have more than met the lenient standard of showing that notice to potential plaintiffs is appropriate. The declarations attached to this Motion show that the practice of improperly compensating Defendant's Staffing Recruiters is widespread and ongoing. *See generally* Exhibits 1-5. Additionally, one of the most important factors that a Court must consider is that there are similarly-situated individuals who desire to opt in and who should be given notice of their right to do so. The fact that 11 Staffing Recruiters have elected to participate in this case without a notice strongly evidences this fact. *See Dybach*, 942 F.2d at 1567-68.

Finally, the fact that Defendant treated all Staffing Recruiters as exempt—regardless of their geographic location, district or region, and in spite of any alleged differences between duties, store size or geographic location, demonstrates that all of the individuals are similarly situated for purposes of conditional certification.

Consequently, for all of the reasons set forth in this motion and the attached declarations, this Court should authorize notice to potential plaintiffs and allow potential plaintiffs to serve the

---

[3] Plaintiffs and their counsel have received numerous inquiries from other individuals currently employed by Defendant who are interested in joining the case, but are afraid of retaliation for doing so.

Notice/Consent form attached hereto as Exhibit 6 on all current and former Staffing Recruiters during the relevant statutory time period.

Given the weight of the showing made by the Plaintiff, the issuance of Court-approved notice to potential plaintiffs is appropriate and within this Court's discretion.

**3.    MISCLASSIFICATION CASES ARE APPROPRIATE FOR CONDITIONAL CERTIFICATION**

Defendant will attempt to persuade this Court that misclassification cases should not be conditionally certified.  This likely argument is belied by the fact that numerous Courts have recently conditionally certified similar claims, including very similar misclassification claims against Maxim.  are *See e.g. Ene, et al. v. Maxim Healthcare Services, Inc.,* C.A. No. H-09-2453; In the United States District Court for the Southern District of Texas-Houston Division, March 2, 2010 (M.J. Smith)(conditionally certifying nationwide class of misclassified healthcare recruiters based on the same evidence submitted in this case) attached as Exhibit7; *Bell, et al. v. Citizen Financial Group, Inc., et al.*, C.A. No. 10-320; In the United States District Court for the Western District of Pennsylvania, September 2, 2010 (C.J. Lancaster)(conditionally certifying misclassified group of Assistant Branch Managers as a putative class) attached as Exhibit 8;  *In Re Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation*, 2010 WL 3447783 (W.D. Pa.  August 13, 2010)(J. Conti)(MDL conditional certification of large class of Assistant Branch Managers of Enterprise Rent-A-Car subsidiaries) attached as Exhibit 9;  *Smallwood, et al. v. Illinois Bell Telephone Co.*, C.A. No. 09 C 4072; In the United States District Court from the Northern District of Illinois-Eastern Division, May 6, 2010 (M.J. Denlow)(conditionally certifying misclassified, and subsequently reclassified, group of Outside Plant Managers as a putative class) attached as Exhibit 10; *Wlotkowski, et al. v. Michigan Bell Telephone Co.*, C. A. No. 09-11898; In the Eastern District of Michigan-Southern Division, April 16, 2010 (J.

Edmunds)(conditionally certifying misclassified, and subsequently reclassified, group of Outside Plant Managers as a putative class) attached as Exhibit 11; *Witteman, et al. v. Wisconsin Bell Co.*, C. A. No. 09-cv-440-vis; In the United States District Court for the Western District of Wisconsin, February 2, 2010 (J. Crabb) (conditionally certifying misclassified, and subsequently reclassified, group of Outside Plant Managers as a putative class) attached as Exhibit 12; *Craig v. Rite Aid Corp.*, 2009 WL 4723286 (M.D. Pa. December 9, 2009)(J. Jones)(nationwide conditional certification of misclassified ASMs) attached as Exhibit 13; *Jackson v. Papa John's USA, Inc.*, 2009 WL 385580 (N.D. Ohio February 13, 2009)(J. Gwin)(conditionally certifying a class of misclassified Assistant Managers) attached as Exhibit 14.

### 4. THE STATUTE OF LIMITATIONS IS RUNNING ON PUTATIVE CLASS MEMBERS' CLAIMS

Unlike Rule 23 class actions in which the statute of limitations is tolled for all potential class members with the filing of the complaint, the statute of limitations under the FLSA is not tolled with the commencement of the action or even with an order granting conditional certification. *Fisher v. Michigan Bell Telephone Co*., No. 09-10802, 2009 WL 3427048, at *8 (E.D. Mich. Oct. 22, 2009). Rather, the statute of limitations continues to run on each individual's claim until they file their written consent to join the action with the court. *Id*.; *see also* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Although the notice process does not stop the statute of limitations, it does, at a minimum, notify the putative collective class members of the case, and that the statute of limitations is running on their claims. *Fisher*, 2009 WL 3427048, at *8 (citing *Hoffmann-La Roche*, 493 U.S. at 170).

**B.**     RELIEF SOUGHT: ISSUANCE OF NOTICE TO POTENTIAL PLAINTIFFS AND DISCLOSURE OF NAMES AND ADDRESSES OF CURRENT AND FORMER STAFFING RECRUITERS EMPLOYED BY MAXIM HEALTHCARE SERVICES DURING THE RELEVANT TIME PERIOD

To facilitate the Notice process and preserve the rights of those who have not yet opted in, Plaintiff has attached a proposed Notice and proposed Consent form to be approved by the Court. *See* Exhibit 6. These forms are based on various Notice and Consent forms previously approved by District Courts, though they have been modified for this particular case. Plaintiffs seek to notify a group of potential plaintiffs described as follows:

**"ALL CURRENT AND FORMER SALARIED STAFFING RECRUITERS WHO HAVE BEEN EMPLOYED AT ANY TIME BY DEFENDANT MAXIM HEALTHCARE SERVICES, INC. (EXCLUDING CALIFORNIA) DURING THE TIME PERIOD JULY 29, 2007 TO PRESENT."** (hereinafter, "Putative Class Members").

Additionally, Plaintiff seeks an Order from this Court adopting the following schedule:

| DEADLINE | SUBJECT |
|---|---|
| **10 Days From Order Approving Notice to Potential Class Members** | Maxim to disclose the names and last known addresses of those described in above-referenced group of putative class members to be notified in a usable electronic format |
| **20 Days From Order Approving Notice to Potential Class Members** | Plaintiff's Counsel shall mail a copy of the Court approved Notice and Consent Form to the Putative Class Members |
| **90 Days From Date Notice is Mailed to Potential Class Members** | The Putative Class Members shall have 90 days to mail in their signed Consent forms for filing with the Court |
| **50 Days from Date Notice is Mailed to Potential Class Members** | Plaintiff's Counsel is authorized to mail a reminder form to the Putative Class Members reminding them of the post-mark deadline for the submission of the Consent forms |

12

Additionally, as part of the Notice process, Plaintiff requests an Order which precludes Maxim and its counsel from engaging in any conduct designed to dissuade people from participating in this lawsuit.

## V.  CONCLUSION

Plaintiff has met his burden to show that other similarly situated individuals exist and are interested in asserting their claims.  In order to facilitate the purposes of the FLSA's collective action provisions, this Court should authorize a Court-approved notice to be issued by Plaintiff to potential plaintiffs. Such a notice will allow those employees whose rights are eroding each day to be informed of this action and their right to join.

Respectfully submitted,

By: /s/Douglas M. Werman_____
One of the Attorneys for Plaintiff

Michael A. Josephson
State Bar No. 24014780
Hartley Hampton
State Bar No. 08874400
**FIBICH, HAMPTON & LEEBRON, L.L.P**
1401 McKinney, Suite 1800
Houston, Texas 77010
713-751-0025 (Telephone)
713-751-0030 (Facsimile)
mjosephson@fhl-law.com
(Admitted *Pro Hac Vice)*

Douglas M. Werman (ARDC #6204740)
Maureen A. Bantz  (ARDC #6289000)
David E. Stevens (ARDC #6297705)
**WERMAN LAW OFFICE, P.C.**
77 West Washington Street, Suite 1402
Chicago, IL 60602
312-419-1008 (Telephone)

ATTORNEYS IN CHARGE FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties.

/s/ Michael A. Josephson

14