# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4763 | **DATE** | 10/26/2011 |
| **CASE TITLE** |  | Betancourt vs. Maxim Healthcare Services, Inc. Et al | |

**DOCKET ENTRY TEXT**

Motion hearing held. Plaintiff's Motion to Compel [82] is granted in part and denied in part for the reasons stated on the record. Status hearing set for 11/30/11 at 9:30 a.m. See statement for details.

■[ For further details see text below.]   Notices mailed by Judicial staff.

1:30

## STATEMENT

On or before 11/9/11, Defendant shall supplement its responses to Plaintiff's first set of interrogatories and requests for production (referred to herein as "Plaintiff's Written Discovery") as follows. Defendant shall state whether, as of the date of its next supplemental response to Plaintiff's Written Discovery, Defendant is withholding any documents or information sought by Plaintiff's Written Discovery based on any of Defendant's General Objections and Conditions (as set forth in Defendant's First Supplemental Responses to Plaintiff's Written Discovery, attached as Exhibit 1-A to Plaintiff's Motion to Compel) or any specific objection to any of Plaintiff's Written Discovery. It is sufficient, for example, for Defendant to state in response to an individual interrogatory or request for production that, notwithstanding its General Objections and Conditions or any specific objection, Defendant has produced or will produce by a specific date certain all documents or other information in its possession, custody or control as of the date of the response or production to the best of Defendant's knowledge, information and belief. If any document(s) or information is being withheld from production or disclosure, then Defendant shall identify the document(s) or information, or the category of document(s) or information, being withheld and the specific basis for withholding same with sufficient particularity for Plaintiff to challenge Defendant's position if Plaintiff chooses to do so.

This case is set for a status hearing on 11/30/11 at 9:30 a.m. for a report on whether Plaintiff objects to Defendant's supplemental discovery responses served on or before 11/9/11 on the ground that Plaintiff still cannot determine whether Defendant is withholding any document(s) or information from production or disclosure and, if so, the basis for Defendant's objection to production or disclosure. Prior to the 11/30/11 status hearing, counsel shall meet and confer, in person or by telephone, regarding any such objection by Plaintiff. If there is a need for a further hearing regarding the issues addressed by this order, the Court will set a date and time for such a hearing on 11/30/11.

**STATEMENT**

To be clear, nothing contained in this order is intended to preclude Defendant from supplementing its responses to Plaintiff's Written Discovery in accordance with the Federal Rules of Civil Procedure, or to interfere with or prejudge Plaintiff's rights under the Federal Rules with respect to any such supplementation by Defendant (other than as stated herein).

Further, as stated on the record, the Court recognizes that Defendant is, in some respects, making a "rolling" production of documents and, to some extent, information in response to Plaintiff's Written Discovery, and nothing in this order is intended to preclude that practice at this time. The Court also recognizes, however, that, as counsel stated in open court this morning, the parties are going to submit a discovery plan to the District Judge in the relatively near future, now that the collective class opt-in period has closed, and that plan may set more definitive deadlines for serving and responding to written discovery and other discovery vehicles. Again, nothing in this order is intended to interfere with that process.

Finally, to the extent Plaintiff's Motion to Compel requests that the Court overrule as a matter of law all of Defendant's General Objections and Conditions to Plaintiff's Written Discovery, that request is denied for the reasons stated on the record. Given Defendant's representation that "with the sole exception of four attorney-client privileged documents, Maxim has produced – or intends to produce – all responsive documents" (Response to Motion to Compel at p. #6), it appears unnecessary for the Court to address Defendant's General Objections and Conditions or its specific objections either in whole or in part at this time. Even if the Court were to overrule a particular objection, that apparently would not result in the production of any more documents or the disclosure of any additional information at this time in light of Defendant's position that it has produced or will produce all responsive documents and information as stated in its Response. (*Id.*) This ruling is without prejudice, however, to Plaintiff raising an issue with a particularized objection in the future if Defendant withholds documents or information on the basis of such an objection in the future.

The Court will overrule, however, Defendant's General Objection and Condition C to the extent it purports to absolve Defendant from complying with Rule 34(b)(2)(E)(i) ("[a] party must produce documents . . . and label them to correspond to the categories in the request.") or to relieve Defendant of the obligation (as discussed above) to state whether it is withholding any document(s) or information on the basis of an objection specifically stated. If Defendant produces documents that are responsive to more than one request for production, it is obligated to say so in its response.

Plaintiff's request for an award of attorneys' fees and expenses incurred in bringing this motion is denied for the reasons stated on the record.

It is so ordered.